# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDY L. WILSON,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0351** (BOR Appeal No. 2049928)
(Claim No. 2013019898)

**MIDKIFF CONSTRUCTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randy L. Wilson, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Midkiff Construction, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 31, 2015, in which the Board affirmed an October 15, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed two claims administrator decisions dated February 12, 2013, and February 7, 2013, which rejected Mr. Wilson's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilson worked as a construction worker for Midkiff Construction. On November 8, 2012, Mr. Wilson was working with Johnny Midkiff, the owner of Midkiff Construction, building concrete stairs. Mr. Wilson rode to and from the job site in Mr. Midkiff's truck. Mr. Wilson's work that day involved shoveling concrete. The following morning, Mr. Wilson was treated at Cabell Huntington Hospital Emergency Room for complaints of right hip and low back pain. At the time, he admitted that he suffered a low back injury several years earlier, but he did not attribute his current pain to any definite re-injury. Mr. Wilson alleged that he felt no pain

1

when he went to bed the previous night but awoke with severe pain in his low back and right hip. Mr. Wilson had a CT scan performed on his lower back which revealed degenerative changes.

Nevertheless, on November 28, 2012, Mr. Wilson filed an application for workers' compensation benefits alleging that he developed low back pain while shoveling concrete and lifting concrete forms on November 8, 2012. However, the physician who filled out Mr. Wilson's application did not indicate that the injury was work related. The box on Mr. Wilson's application form indicating that his condition was the result of an occupational injury was left unchecked. On the same day that he completed his application, Mr. Wilson was treated by James Weinstein, M.D., who found that Mr. Wilson had some symptoms in his lower back during straight leg raise testing.

On February 7, 2013, the claims administrator rejected Mr. Wilson's application for workers' compensation benefits because there was no medical evidence that a work-related injury occurred. On February 12, 2013, the claims administrator issued a second decision rejecting Mr. Wilson's application stating that the injury did not arise in the course of and resulting from his employment. Following these decisions, Mr. Wilson testified by deposition stating that after shoveling concrete for Mr. Midkiff on the date of the alleged injury, he felt like he had pulled a muscle in his back. He testified that he complained of back pain to Mr. Midkiff on their ride from the job site. He also stated that he was unable to unload the concrete forms from the work truck at the end of the day because his back hurt. Mr. Wilson alleged that he was in pain when he went to sleep and by the following morning, was unable to move because of the pain. He admitted that he suffered a back injury six years earlier, but he stated that he had fully recovered from that condition. Robert Marsh, M.D., then treated Mr. Wilson for his low back pain. He found that he had a radicular component to his symptoms and suspected, based on Mr. Wilson's account of his injury, that he had suffered a herniated L4-5 disc. Mr. Midkiff also testified by deposition. He admitted that Mr. Wilson worked for him on November 8, 2012, pouring concrete for steps. He did not remember Mr. Wilson complaining of back pain while returning from the job site. Mr. Midkiff testified that Mr. Wilson did not return to work after November 8, 2012.

Prasadarao B. Mukkamala, M.D., then performed an independent medical evaluation of Mr. Wilson. He found that there was no objective medical evidence that Mr. Wilson sustained an injury on November 8, 2012. He found that there was no evidence of an isolated or fortuitous event which caused Mr. Wilson's back pain. Dr. Mukkamala noted that his review of Mr. Wilson's medical history revealed an MRI taken in the beginning of 2007 which showed degeneration and bulging of the L4-5 and L5-S1 discs. On October 15, 2014, the Office of Judges affirmed the claims administrator's February 7, 2013, and February 12, 2013, decisions. The Board of Review affirmed the Order of the Office of Judges on March 31, 2015, leading Mr. Wilson to appeal.

The Office of Judges concluded that Mr. Wilson did not demonstrate that a compensable injury to his lower back occurred on November 8, 2012. The Office of Judges based this conclusion on the medical evidence in the record. The Office of Judges determined that Mr. Wilson was engaged in heavy manual labor on November 8, 2012, and found that he was treated

in the emergency room the next day for complaints of back pain. However, the Office of Judges determined that there was no indication that Mr. Wilson's back pain was related to a work injury. It noted that at the point of his initial treatment on November 9, 2012, Mr. Wilson did not attribute his pain to a work-related injury. The Office of Judges noted that the emergency room records instead indicated that Mr. Wilson's symptoms were chronic in nature. The Office of Judges also noted that the physician who filled out Mr. Wilson's application for workers' compensation benefits did not indicate that his condition was the result of an occupational injury. The Office of Judges found that Dr. Marsh based his opinion on Mr. Wilson's account of the injury, but it determined that the factual evidence in the record did not support holding the claim compensable. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of the Review and the findings of the Office of Judges. Mr. Wilson has not demonstrated that he suffered an injury in the course of and resulting from his employment. Mr. Wilson alleges that he suffered an injury to his lower back on November 8, 2012, that required him to seek treatment at Cabell Huntington Hospital Emergency Room. However, the compensability of this claim is not supported by the remainder of the evidence in the record. Mr. Wilson has a history of low back pain including significant degenerative changes in his L4-5 and L5-S1 disc dating back to 2007. The treatment notes from his emergency room visit on November 9, 2012, indicate that Mr. Wilson's pain was related to his chronic conditions. Mr. Wilson's account of the injury is also undermined by the deposition testimony of Mr. Midkiff. The Office of Judges was justified in rejecting Mr. Wilson's application for workers' compensation benefits and provided sufficient support for its conclusions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum